IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DENNIS SEVIC | ) | CASE NO. |
| c/o David W. Neel, Esq. | ) | |
| 16781 Chagrin Blvd. | ) | JUDGE |
| Shaker Heights, Ohio | ) | |
| | ) | |
| Plaintiff | ) | **COMPLAINT** |
| | ) | |
| vs. | ) | (**JURY DEMAND ENDORSED** |
| | ) | **HEREON**) |
| BOYCE PROPERTIES, LTD. | ) | |
| c/o Christine E. Boyce, Statutory Agent | ) | |
| 3121 Osage Way | ) | |
| Broadview Heights, Ohio 44147 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| FILLMORE PROPERTY GROUP, LTD. | ) | |
| c/o Paul D. Digiorgio, Statutory Agent | ) | |
| 4564 East 71st Street | ) | |
| Cleveland, Ohio 44105 | ) | |
| | ) | |
| Defendants. | ) | |

**PARTIES**

1. Plaintiff Dennis Sevic brings this action against Defendants Boyce Properties, Ltd. ("Boyce") and Fillmore Property Group, Ltd. ("Fillmore") to recover unpaid overtime compensation under provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. (the "FLSA"), the Ohio Fair Wage Minimum Standards Law, O.R.C. § 4111.01 *et seq.,* and under the Ohio Constitution, § 2.34, for breach of contract, conversion, and to recover unpaid wages under Ohio Revised Code section 4113.15.

2. Defendant Boyce is an Ohio limited liability company doing business in the Northern District of Ohio and, at all relevant times, has been an "employer" as defined under the FLSA, the Ohio Minimum Fair Wage Standards Act, and Ohio Revised Code section 4113.15.

3. Defendant Fillmore is an Ohio limited liability company doing business in the Northern District of Ohio and, at all relevant times, has been an "employer" as defined under the FLSA, the Ohio Minimum Fair Wage Standards Act, and Ohio Revised Code section 4113.15.

4. Plaintiff Dennis Sevic currently resides in Cuyahoga County, Ohio and was at all relevant times an "employee" of Defendants as defined under the FLSA, the Ohio Minimum Fair Wage Standards Act, and Ohio Revised Code section 4113.15.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as it arises under the laws of the United States, and pursuant to the FLSA, 29 U.S.C. § 216(b).

6. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

7. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) and (c) as Defendants Boyce and Fillmore are Ohio limited liability companies doing business in Cuyahoga County, Ohio, and the causes of action alleged herein arise from Defendant's activities in Cuyahoga County, Ohio.

## COUNT ONE

**Violation of the Fair Labor Standards Act**

8. Boyce employed Plaintiff at its Shaker Dale apartment complex in Shaker Heights, Ohio as its onsite maintenance manager for more than 12 years. From the beginning of the

employment relationship Boyce paid Plaintiff $15.00 per hour and provided Plaintiff an apartment as part of his compensation.

9. In 2012 Boyce increased Plaintiff's hourly pay to $17.00 per hour.

10. Although Boyce paid Plaintiff at times $17.00 per hour, and sometimes less, it did not pay Plaintiff the overtime rate of $25.50 per hour for work over 40 hours per week, but rather paid overtime at $22.50 per hour based on his old regular rate of $15.00 per hour.

11. In December 2016 Plaintiff asked Boyce for a raise in his hourly pay. Boyce increased Plaintiff's hourly pay to $19.90 per hour effective December 24, 2016.

12. On or about January 6, 2017, Plaintiff received notice that Boyce had retained Defendant Fillmore to manage the Shaker Dale apartments.

13. Fillmore unilaterally and without authority from Boyce informed Plaintiff that it would deduct $350.00 from his wages per biweekly pay period for rent of the apartment he occupied and which was part of his agreed upon compensation package.

14. On or about April 28, 2017 Fillmore gave Plaintiff notice that his employment with Boyce was terminated and that he had thirty days to vacate his apartment.

15. Upon being terminated Plaintiff reviewed his paystubs and discovered that Boyce had been paying him an overtime rate of $22.50, if at all, rather than an overtime rate of $25.50.

16. Plaintiff worked approximately 978.50 hours of overtime in 2014; 1,134.50 hours of overtime in 2015; and 1,009.50 hours of overtime 2016.

17. Boyce underpaid Plaintiff for overtime in 2014, 2015 and 2016.

18. At all times material to this action, Boyce was an enterprise engaged in commerce or in the production of goods for commerce as defined by § 203(s)(1)(A) and (B) of the FLSA.

19. At all times relevant to this action, Boyce was an "employer" of Plaintiff as defined by § 203(d) of the FLSA.

20. At all times relevant to this action, Boyce employed Plaintiff in an hourly, non-supervisory non-exempt position.

21. Plaintiff consistently worked more than 40 hours per week for which Defendant failed to pay him the correct amount of overtime in violation of the FLSA, Ohio Revised Code section 4113.15 and the Ohio Constitution, § 2.34.

22. At all times material to this action, Plaintiff was an "employee" of Boyce as defined by § 203(e)(1) of the FLSA, and worked for Boyce within three years preceding the filing of this lawsuit.

23. The provisions set forth in § 207 of the FLSA apply to Boyce and Plaintiff.

24. Boyce intentionally, willfully and/or with reckless disregard for the law failed to pay Plaintiff according to the provisions § 207 of the FLSA, which requires employers to pay non-exempt employees for work in excess of forty (40) hours per work week at a rate not less than one and one-half times the regular rate at which he is employed or the minimum wage.

25. For at least three years, Boyce has been aware of the requirements of the FLSA and its corresponding regulations. Despite this knowledge, Defendant failed to pay Plaintiff the amount of pay § 207 of the FLSA requires.

26. Boyce engaged in a pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiff in accordance with § 207 of the FLSA.

27. As a direct and proximate result of Boyce's violations of the FLSA, Plaintiff has suffered damages by failing to receive the compensation to which he is entitled pursuant to § 207 of the FLSA.

28. In addition to the amount of unpaid wages and benefits owing to Plaintiff, he is also entitled to recover an equal amount in addition to those damages as liquidated damages pursuant to 29 U.S.C. § 216(b). He is also entitled to prejudgment interest on his damages.

29. Boyce has not made a good faith effort to comply with the FLSA.

30. Plaintiff is entitled to an award of attorney fees pursuant to 29 U.S.C. § 216(b).

## COUNT TWO

**Violation of the Ohio Minimum Fair Wage Standards Act & Ohio Constitution**

31. Plaintiff incorporates herein by reference the foregoing allegations of his Complaint.

32. Plaintiff brings this claim to recover unpaid overtime compensation under provisions of the Ohio Fair Wage Minimum Standards Law, O.R.C. § 4111.01 *et seq.,* and under the Ohio Constitution, § 2.34.

33. The acts of which Plaintiff complains are also in violation of the Minimum Fair Wage Standard Law of the State of Ohio, § 4111.01, etc. of the Ohio Revised Code.

## COUNT THREE

**Violation of Ohio Revised Code 4113.15**

34. Plaintiff incorporates herein by reference the foregoing allegations of his Complaint.

35. Ohio Revised Code 4113.15 requires that all wages due and owing be paid by the employer within the time period specified therein.

36. Ohio Revised Code 4113.15(B) makes an employer who fails to make wage payments for 30 days beyond the regularly scheduled pay day or, where no regularly scheduled pay day is applicable, for 60 days beyond the filing of a claim, liable for liquidated damages in an

amount equal to 6% of the amount of the wages still unpaid and in contest or disputed, or $200, whichever is greater.

37. Boyce did not pay Plaintiff overtime based on the agreed upon rate of $17.00 per hour.

38. Boyce did not consistently pay Plaintiff at the agreed upon regular wage rate of $17.00 per hour.

39. Boyce is liable to Plaintiff for all unpaid wages.

40. Boyce is liable for liquidated damages for every week it underpaid Plaintiff since January 1, 2012.

## COUNT FOUR

### Breach of Contract

41. Plaintiff incorporates herein by reference the foregoing allegations of his Complaint.

42. Boyce and Plaintiff entered into a contract requiring Boyce to pay Plaintiff $17.00 per hour for his labor plus an apartment.

43. Boyce failed to consistently pay Plaintiff $17.00 per hour for at least six years prior to the bringing of this Complaint.

44. Plaintiff worked approximately 12,000 hours during that six-year period at a wage rate that was less than contracted for.

45. Boyce breached its contract with Plaintiff by underpaying him.

46. Boyce breached its contract with Plaintiff by charging and withholding from his pay $3,150 in rent charges and failing to pay earned vacation.

## COUNT FIVE

### Conversion

47. Plaintiff incorporates herein by reference the foregoing allegations of his Complaint.

48. By charging and withholding from Plaintiff's pay $3,150 in rent charges, Defendants Boyce and Fillmore wrongfully interfered with Plaintiff's property rights and interest in that money.

49. Plaintiff had an immediate right to such money when Defendants improperly withheld and converted it to their own use.

50. Plaintiff has been damaged because of Defendants' wrongful interference with his interest and right to such money.

**WHEREFORE**, Plaintiff prays for the following relief:

**A.     On Count One pursuant to § 216(b) of the FLSA:**

  1. That Plaintiff be awarded damages plus an equal amount of liquidated damages pursuant to 29 U.S.C. § 216(b), and prejudgment interest;

  2. That Plaintiff's reasonable attorney fees and the costs and expenses of this action be paid by Defendant Boyce; and

  3. For such other legal and equitable relief including, but not limited to, any injunctive and/or declaratory relief, to which he may be entitled.

**B.     On Count Two pursuant to the Ohio Minimum Fair Wage Standards Act, O.R.C. § 4111.01 *et seq.,* and under Article II, §34a of the Ohio Constitution:**

  1. That Plaintiff be awarded damages plus an equal amount of liquidated damages, and prejudgment interest;

  2. That Plaintiff's reasonable attorney fees and the costs and expenses of this action be paid by Defendant Boyce; and

  3. For such other legal and equitable relief including, but not limited to, any injunctive and/or declaratory relief, to which he may be entitled.

  **C. On Count Three pursuant to the Ohio Minimum Fair Wage Standards Act, O.R.C. § 4113.15:**

    1. Damages in the amount of unpaid compensation and benefits, plus for every pay period for which he did not receive full payment 6% per annum of such amount or $200, whichever is greater, as and for liquidated damages, and prejudgment interest;

    2. That Plaintiff's reasonable attorney fees and the costs and expenses of this action be paid by Defendant Boyce; and

    3. For such other legal and equitable relief including, but not limited to, any injunctive and/or declaratory relief, to which he may be entitled.

  **D. On Count Four:**

    1. Damages in the amount of unpaid compensation and rent withheld;

    2. That Plaintiff's reasonable attorney fees and the costs and expenses of this action be paid by Defendant Boyce; and

    3. For such other legal and equitable relief including, but not limited to, pre- and post-judgment interest, to which he may be entitled.

  **E. On Count Five:**

    1. Damages in the amount of rent withheld;

    2. That Plaintiff's reasonable attorney fees and the costs and expenses of this action be paid by Defendants; and

    3. For such other legal and equitable relief including, but not limited to, pre- and post-judgment interest, to which he may be entitled.

  **F. Any and all such other relief to which Plaintiff might be entitled under each Count of the Complaint.**

        Respectfully submitted,

        */s/ David W. Neel*
        David W. Neel (0033611)
        David W. Neel, LLC
        16781 Chagrin Blvd.
        Shaker Heights, Ohio 44120
        Telephone: (216) 522-0011
        Telecopier: (844) 548-3570
        *Attorney for Plaintiff*

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all causes of action.

/s/ David W. Neel
David W. Neel (0033611)

9